IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSEPH STORER, ET AL.,

    Plaintiffs,

           v.                          CIVIL NO.  06-2258 (JAG)

OLD SAN JUAN HOTEL, ET AL.,

    Defendants.

**STATUS CONFERENCE REPORT AND RECOMMENDATION**

A status conference was held on October 28, 2008. The following attorneys were present: Dimaris Martínez Vázquez on behalf of plaintiffs and David Fernández Esteves on behalf of defendants. The first matter addressed was plaintiffs' counsel's request for leave to withdraw as counsel of record. (Docket No. 28 at p.4, ¶9). This is the third request to such effect made by plaintiffs' counsel. (See Docket No. 19 and 24). The first two requests were denied without prejudice by the court, allowing the possibility for counsel to renew such motion once new legal representation files a notice of appearance on behalf of plaintiffs. (Docket No. 20 and 25). Even though the court originally set a deadline for the notice of appearance to be filed by August 14, 2008, and subsequently extended said deadline until September 15, 2008 (Docket No. 20 and 25), as of today a notice of appearance has not been filed by another attorney retained by plaintiffs.

In light of these circumstances, plaintiffs' attorney of record was ordered during the status conference to: (1) send in writing within three days of the status conference, with receipt confirmation, a notice to plaintiffs with a copy of this status conference report and advising that failure to hire new legal representation by November 18, 2008, may result in having to proceed *pro se*, that is without the benefit of any legal representation in this case; and (2) file an informative

motion by November 20, 2008, indicating plaintiffs' postal address and contact information, including e-mail addresses (if any). The court has been lenient in granting plaintiffs since July 14, 2008, an ample opportunity to hire new legal representation, and yet to this date plaintiffs have opted to ignore the court's deadlines. Proceedings should not be delayed anymore due to plaintiffs' procrastination in hiring new legal counsel. Thus, the undersigned will hold under advisement the matter of counsel Dimaris Martínez Vázquez's motion for leave to withdraw until November 18, 2008, and then will proceed to rule upon the matter, regardless of whether plaintiffs' new legal representation has filed a notice of appearance before said date or not.

As to discovery matters, the parties have already exchanged expert reports and neither of them deposed any of the experts within the deadline set by the court. (Docket No. 16). Therefore, discovery as to expert witnesses has been closed. The only matter pending in terms of discovery is the depositions of Dr. Douglas E. Brinkerhoff and various treating physicians that defendants claim make reference to plaintiff's history of seizures and syncope-like events. Therefore, it is recommended that the trial date be postponed, that limited discovery be allowed only as to the matters specified below, and that the following schedule be adopted:

| **Deadline** | **Event** |
|---|---|
| | |
| November 18, 2008 | Final deadline for plaintiffs to hire new legal representation and file a notice of appearance  Defendants must provide plaintiffs with a list of those treating physicians that allegedly have indicated that Joseph Storer has suffered previously from seizures and syncope-like events. |
| | |

| | |
|---|---|
| January 20, 2009 | Conclusion of all discovery regarding Dr. Douglas E. Brinkerhoff and any treating physicians that allegedly have indicated that Joseph Storer has suffered previously from seizures and syncope-like events |
| | |
| February 10, 2009 | Joint Proposed Pretrial Order |
| | |
| Either March 9, 2009 (anytime) or March 10, 2009 (afternoon) | Pretrial and Settlement Conference |
| | |
| March 30, 2009- April 3, 2009 | Trial |

In view of the fact that the complaint in this case was filed on December 14, 2006, it is also recommended that the trial date set, if adopted by the court, be firm and that no further continuances be granted regardless of whether plaintiffs have retained new legal representation or choose to proceed without the benefit of counsel.

The parties were put on notice that until Honorable Judge Jay García-Gregory explicitly indicates whether he adopts, modifies, or rejects these recommendations, the trial date of November 12, 2008, remains effective and binding.

In San Juan, Puerto Rico, this 29th day of October, 2008.

s/ Marcos E. López
U.S. MAGISTRATE JUDGE